UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BULTEMA                                                          MISC NO.

        Movant,

v.

U.S. DEPARTMENT OF JUSTICE

        Respondent.
_____/

Scott E. Dwyer (P33131)
Brendan P. Karl (P86612)
Mika Meyers PLC
Attorneys for Movant James R. Bultema
900 Monroe Avenue, NW
Grand Rapids, MI 49503
(616) 632-8000
sdwyer@mikameyers.com
bkarl@mikameyers.com
_____/

**\*\*\*EXPEDITED CONSIDERATION REQUESTED\*\*\***

**MOTION TO QUASH AND FOR AN ORDER PURSUANT TO THE
CUSTOMER CHALLENGE PROVISIONS OF THE
RIGHT TO FINANCIAL PRIVACY ACT OF 1978**

NOW COMES Movant James R. Bultema, by and through his counsel, Mika Meyers PLC, and, under the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401 *et seq*. (the "RFPA"), herby moves this Court for an order quashing the civil investigative demand to JP Morgan Chase Bank (the "CID to JP Morgan Chase Bank") and preventing the United States Department of Justice ("DOJ") from obtaining access to or copies of Bultema's financial records. In support of this motion, Bultema relies on his contemporaneously filed sworn statement, a copy of which is attached as **Exhibit 1**, and incorporated brief in support. Expedited consideration is requested, as the DOJ stated that the information it demanded "will be made available" as soon as

{03559376 10 }

November 12, 2024. Prior to filing this motion, Movant sought concurrence from Respondent but was unable to obtain it.

WHEREFORE Movant James R. Bultema requests this Court immediately order the DOJ to respond to this motion in accordance with 12 U.S.C. § 3410(b) and temporarily prohibit the DOJ from accessing or reviewing any materials it may receive in response to its CID to JP Morgan Chase Bank so it can hold additional proceedings it deems necessary. Ultimately, Bultema requests this Court quash the CID to JP Morgan Chase Bank and grant other relief it deems just and appropriate. Such relief includes limiting the scope of any lawful requests, restricting the disclosure of any responsive documents or information derived from them to only the DOJ agents investigating whatever legitimate law enforcement inquiry is the predicate for issuing a civil investigative demand, and otherwise ensuring compliance with the RFPA.

### JAMES R. BULTEMA'S INCORPORATED BRIEF IN SUPPORT OF HIS MOTION

### Introduction

A citizen's financial privacy rights are being violated because the DOJ used a legally insufficient, unjustified, and overly broad civil investigative demand. The RFPA limits the DOJ's administrative subpoena power for a customer's financial records and requires there be notice of, and relevance to, some legitimate law enforcement purpose. Here, the DOJ violated the RFPA by not providing legally sufficient notice of its purpose in demanding production of records from Bultema's financial institution. Plus, the DOJ is demanding production of irrelevant financial records. Accordingly, the RFPA authorizes this Court to order the DOJ to respond to Bultema's motion and hold proceedings (if necessary). Since the notice was legally insufficient, there is not a legitimate law enforcement purpose. and there is not a reasonable belief that the records sought are relevant to that inquiry, the CID to JP Morgan Chase Bank should be quashed.

**Relevant Facts**

Currently, James R. Bultema is a customer of JP Morgan Chase Bank. (**Ex. 1**, Bultema Sworn Statement.) By notice dated October 30, 2024, the DOJ informed Bultema that:

> The government is conducting a federal investigation involving, among other offenses, violations of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, by Matchbox Business, LLC, OBI Business, LLC, Mermaid Business LLC, Eric Chaitin, and James Bultema related to COVID-19 Economic Injury Disaster Loans and Paycheck Protection Program ("PPP") loans from the U.S. Small Business Administration.

(**Ex. 2**, Notice of Civil Investigative Demands.)

Enclosed with the DOJ's Notice of Civil Investigative Demands, there were four civil investigative demands to financial institutions. (*Id.*) One of them sought Bultema's financial records at JP Morgan Chase Bank. (**Ex. 3**, CID to JP Morgan Chase Bank.) Thus, the DOJ is seeking access to and copies of Bultema's financial records.

As to the nature and scope of the CID to JP Morgan Chase Bank, it is broad. It covers numerous types of financial records spanning nearly five years. (*Id.*) The CID to JP Morgan Chase Bank demands financial records "for the time period January 1, 2020, through the present." (*Id.*) And it demands "all records pertaining to the following individuals, whether held jointly or severally or as trustee or fiduciary as well as custodian, executor or guardian as well as any other entity in which these individuals may have a financial interest, and including but not limited to all accounts in which the listed individual(s) have signatory authority and/or the right of withdrawal." (*Id.*) Plus, the CID to JP Morgan Chase Bank even demands safe deposit box records, credit card records, "[a]ll correspondence with the above person and/or with third parties regarding the above person," and "[a]ll memoranda, notes, files, or records relating to meetings or conversations concerning the above person," and other things. (*Id.*) There is more listed on the CID to JP Morgan Chase Bank than what is included here, which shows how many things it covers.

Bultema's counsel received the DOJ's Notice of Civil Investigative Demands on November 1, 2024. Thus, after November 11, 2024, "the records or information requested . . . will be made available [from JP Morgan Chase Bank to the DOJ]." (**Ex. 2**, Notice of Civil Investigative Demands.) And "[t]hese records may be transferred to other government authorities for legitimate law enforcement inquiries. . .." (*Id.*)

## Law and Argument

Under the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401, *et seq.* (the "RFPA"), financial records[1] are protected from disclosure to a Government authority like the DOJ. 12 U.S.C. § 3402. Depending on the method the DOJ uses, different rules apply. 12 U.S.C. § 3402(1)-(5). In this case, the DOJ sent the CID to JP Morgan Chase Bank pursuant to Section 3402(2) because it was an administrative subpoena. So, the CID to JP Morgan Chase Bank had to comply with Section 3405.

Accordingly, the CID to JP Morgan Chase Bank must fulfill certain notice and relevancy requirements. 10 U.S.C. § 3405(1)-(2). And Bultema has a right to challenge the lawfulness of the administrative subpoena within 10 days of being served with the required notice and a copy of it. 10 U.S.C. § 3410(a); 10 U.S.C. § 3405(3). He fulfilled that requirement by filing and serving the instant motion with his sworn statement in a timely manner as required by the RFPA. So, Section 3410 empowers this Court to determine if there is reason to believe that the DOJ broke the rules, order the DOJ to provide a sworn response, and determine if additional proceedings are necessary. Then, the Court "shall quash" the administrative subpoena upon legally sufficient motion by a customer. 12 U.S.C. § 3410(c).

---

[1] A "financial record" is defined as an original of, a copy of, or information known to have been derived from, any record held by a financial institution pertaining to a customer's relationship with the financial institution." 12 U.S.C. § 3401(2).

Since the RFPA permitted Bultema's customer challenge, the issue becomes whether the DOJ obeyed the RFPA. It did not.

Generally speaking, in the Sixth Circuit, "a subpoena is properly enforced if 1) it satisfies the terms of its authorizing statute, 2) the documents requested were relevant to the DOJ's investigation, 3) the information sought is not already in the DOJ's possession, and 4) enforcing the subpoena will not constitute an abuse of the court's process." *Doe v. United States (In re Admin. Subpoena)*, 253 F.3d 256, 265 (6th Cir. 2001) (citation omitted). For an administrative subpoena to be reasonable, it must pass the "reasonable relevance" test. *Id.* at 263.

In this case, the authorizing statute is the RFPA. Under the RFPA, the DOJ must obey some rules to get a customer's financial records. First, the DOJ must have "reason to believe that the records sought are relevant to a legitimate law enforcement inquiry." 12 U.S.C. § 3405(1). The RFPA says that a "law enforcement inquiry" is "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statute or any regulation, rule, or order issued pursuant thereto." 12 U.S.C. § 3401(8). Second, the DOJ must provide a customer with legally sufficient notice pursuant to 12 U.S.C. § 3405(2). It "shall state with reasonable specificity the nature of the law enforcement inquiry." *Id.* The rules in the RFPA require the DOJ to give a customer legally sufficient notice, state a legitimate law enforcement inquiry, and limit the scope of the demands to relevant financial records.

If the DOJ breaks the rules, then there are consequences. Because if "there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," then a court shall quash the administrative subpoena upon legally sufficient motion by a customer. 12 U.S.C. § 3410.

Here, there are multiple reasons the CID to JP Morgan Chase Bank is legally insufficient and should be quashed. First, the DOJ has not substantially complied with the requirements of the RFPA because the notice of subpoena never identifies Bultema's alleged receipt of loan funds or control or authority over a company's use of loan funds. Instead, it just says a lot of words that don't tie Bultema to a violation. The notice says:

> The government is conducting a federal investigation involving, among other offenses, violations of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, by Matchbox Business, LLC, OBI Business, LLC, Mermaid Business LLC, Eric Chaitin, and James Bultema related to COVID-19 Economic Injury Disaster Loans and Paycheck Protection Program ("PPP") loans from the U.S. Small Business Administration.

(**Ex. 2**, Notice of Civil Investigative Demands.)

In other words, the DOJ provided legally insufficient notice because it didn't notify Bultema why *his* personal financial records mattered respecting an *investigation into the companies and their use of proceeds from loans*. See, e.g., *In re Blunden*, 896 F. Supp. 996, 1000 (C.D. Cal. 1995) (determining there were violations of the RFPA where the administrative subpoena sought irrelevant records and gave insufficient notice of the legitimate law enforcement purpose; subsequently, the Governmental authority, by modifying the notice and subpoena, made it legally sufficient).

In fact, the DOJ is fishing based on the innocent fact that Bultema used to be a member of Mermaid Business LLC and Matchbox Business LLC. (**Exhibit 1**, Bultema Sworn Statement.) And Bultema received money from some of the companies around 2021-2023 in accordance with the Master Agreement he entered with Eric Chaitin and them. (*Id.*) But that undercuts the DOJ's position. Because it shows that money flowing from the companies to Bultema was for permitted purposes like payroll and paying back non-federal loans. (*Id.*)

The SBA and Treasury Department admit that companies can use PPP and EIDL loan proceeds for these purposes. (*Id.*) They publish that on their websites. (*Id.*) It's so common that

you can find that information in a frequently asked questions (FAQ's) publication, too. (*Id.*). So, the DOJ is getting ahead of themselves by fishing around Bultema's financial records before even getting some of the companies' financial records. They sent a notice that provides a flimsy predicate, not a legitimate law enforcement inquiry. The DOJ is not authorized to issue this administrative subpoena out of mere curiosity.[2] Since the notice was legally insufficient and there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate, the CID to JP Morgan Chase Bank should be quashed.

Second, even assuming there is some legitimate law enforcement inquiry (there isn't), the DOJ has not demonstrated that it has a reasonable belief that the requested records are relevant. Instead, curiosity or harassment seem to be the drivers for such a broad request. For instance, the CID to JP Morgan Chase Bank demands production of financial records from January 1, 2020 until present that extend beyond bank account statements for accounts held by Bultema. It says:

---

[2] In **Ex. 4**, *Albrecht v. SSA Office of the Inspector Gen.*, No. 13-mc-50545, 2013 U.S. Dist. LEXIS 124583, at *6 (E.D. Mich. Aug. 8, 2013), the United States District Court for the Eastern District of Michigan said this about relevancy, including what it means and who has the burden to show it:

> [I]t is generally acknowledged that "[f]or purposes of an administrative subpoena, the notion of relevancy is a broad one," and that it requires that the information sought "touches a matter under investigation." Thus, while the government has to show something beyond mere curiosity in order to justify a subpoena, it does not have to show a lot.
>
> *Claxton v. Soc. Sec. Admin.*, No. 07-x-50268-DT, 2007 U.S. Dist. LEXIS 102979, 2008 WL 161594 at *3 (E.D. Mich. Jan. 15, 2008) (internal citations omitted) (emphasis in original). "The ultimate burden of showing that the records sought are relevant to a legitimate law enforcement inquiry is on the government." Breakey v. Inspector Gen. Of U.S. Dept. Of Agriculture, 836 F.Supp. 422, 425 (E.D. Mich. 1993) (citing Hunt v. U.S. Sec. & Exchange Comm., 520 F.Supp. 580, 603 (N.D. Tex.1981) (citation omitted)). But "the initial burden of production is on the movant," who must offer facts that show "the documents requested have no connection with the subject matter of the investigation, he has not committed any offense related to the investigation, or he is the subject of harassment by the requests." Id. (citing Hancock v. Marshall, 86 F.R.D. 209, 211 (D.D.C.1980)).

{03559376 10 }

> all records pertaining to the following individuals, whether held jointly or severally *or as trustee or fiduciary* as well as *custodian*, *executor* or *guardian* as well as *any other entity in which these individuals may have a financial interest*, and including *but not limited to* all accounts in which the listed individual(s) have signatory authority and/or the right of withdrawal.

(**Ex. 3**, CID to JP Morgan Chase Bank) (emphasis added).

Plus, the CID to JP Morgan Chase Bank demands safe deposit box records, credit card records, "[a]ll correspondence with the above person and/or with third parties regarding the above person," and "[a]ll memoranda, notes, files, or records relating to meetings or conversations concerning the above person," and other things. (*Id.*)

By seeking so many types of records from such an expansive amount of time, the DOJ is going on a fishing expedition. The CID to JP Morgan Chase Bank does not contain the sorts of requests demonstrating the DOJ has a reasonable belief that it's seeking relevant materials. Instead, it was drafted to maximize the material that would fall under its scope. So, the DOJ violated the RFPA by requesting financial documents, communications, and other things that are irrelevant.

This case is different from others where relevancy is satisfied because the DOJ has not sufficiently linked Bultema and these things to any alleged wrongdoing. "Once a person's connection to apparently illicit conduct has been shown, it is relevant to know whether that person's bank account contains evidence of such conduct. What need be shown is not probable cause, but a good reason to investigate." *Feiner v. U.S. Securities and Exchange Commission*, 914 F. Supp. 2d 474, 478 (S.D.N.Y. 2012) (quoting *In re John Doe*, 1990 WL 119321, at *2)). The DOJ doesn't have a good reason to investigate safe deposit box records, credit card statements, and other financial records that either belong to Bultema "jointly or severally or as trustee or fiduciary as well as custodian, executor or guardian as well as any other entity in which these individuals may have a financial interest." This is harassing. And it appears to be driven by curiosity. Relevancy is broad, but not boundless.

In sum, there are multiple grounds to quash the administrative subpoena under the RFPA including that the DOJ provided legally insufficient notice of its legitimate law enforcement inquiry, there is no legitimate law enforcement inquiry, and that even if there were (there is not) the financial records demanded aren't relevant.

## Conclusion

In sum, this Court should quash the CID to JP Morgan Chase Bank because the DOJ has not substantially complied with the RFPA and the records requested are not relevant to the DOJ's inquiry (even if it were a legitimate one). Accordingly, Bultema requests this Court order the DOJ to submit a sworn response and then quash the administrative subpoena under 12 U.S.C. § 3410(a)-(b). In the meantime, Bultema requests a protective order to prevent the DOJ from receiving and reviewing anything produced in response to the CID to JP Morgan Chase Bank.

Respectfully submitted,

MIKA MEYERS PLC
Attorneys for Movant

Dated: November 11, 2024       By:  */s/ Brendan P. Karl*
                                    Scott E. Dwyer (P33131)
                                    Brendan P. Karl (P86612)
                                    900 Monroe Avenue, NW
                                    Grand Rapids, MI 49503
                                    (616) 632-8000

**CERTIFICATE OF COMPLIANCE WITH WORD COUNT**

Pursuant to W.D. Mich. L. Civ. R. 7.2(b)(ii), this certifies that the number of words in this document as defined by W.D. Mich. L. Civ. R. 7.3(2)(i) is 2,400 words, based on using Microsoft Word to generate the word count, which is less than the limit of 10,800 words imposed for dispositive motions' briefs.

Dated:  November 11, 2024　　　　　　By:　 */s/ Brendan P. Karl*
　　　　　　　　　　　　　　　　　　　　　Brendan P. Karl (P86612)
　　　　　　　　　　　　　　　　　　　　　Mika Meyers PLC
　　　　　　　　　　　　　　　　　　　　　Attorneys for Movant
　　　　　　　　　　　　　　　　　　　　　900 Monroe Avenue, NW
　　　　　　　　　　　　　　　　　　　　　Grand Rapids, MI 49503
　　　　　　　　　　　　　　　　　　　　　(616) 632-8000